UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THE BOARD OF TRUSTEES OF THE
AMERICAN FEDERATION OF MUSICIANS
AND EMPLOYERS' PENSION FUND,               No.: 18-CIV-4250 (JGK)

              Plaintiff,

   - against -

KAREN BANOS
d/b/a RITTENHOUSE MUSIC and
PHILIP MCCLELLAND,

             Defendants.
-----------------------------------------------------------------x

## AMENDED JUDGMENT
## AND FORBEARANCE AGREEMENT

The parties, Plaintiffs/Judgment-Creditors Trustees ("Trustees") of the American Federation of Musicians and Employers' Pension Fund ("Fund"), and Defendants/Judgment-Debtors Karen Banos ("Banos") and Philip McClelland ("McClelland," with Banos, "Defendants"), hereby stipulate to entry of judgment in favor of the Trustees and against Defendants, and to the other relief set forth herein, and agree as follows.

    1.    <u>Amended Judgment</u>. The Clerk of Court previously entered judgment against Banos on June 19, 2019 (Docket No. 62) ("Judgment") and the parties hereby agree that this Amended Judgment may be entered as a final judgment of the Court, superseding the Judgment.[1]

---

[1] The parties executed an Amended Judgment on March 27 and 28, 2000, which was not entered by the Court. Once entered, this Amended Judgment supersedes and replaces that document.

1

2. <u>Joinder of McClelland</u>. McClelland consents to be joined as a Defendant/Judgment-Creditor in this matter, as reflected in the caption of this Amended Judgment, and all other parties hereby consent to such joinder.

3. <u>Entry of Judgment</u>. Defendants waive service of process and any defenses pertaining to the Court's jurisdiction over them, and waive any other defenses (except payment) to this Amended Judgment, and shall have judgment entered against them, and **hereby do have judgment entered in favor of the Trustees and against them in the amount of $101,481.96 plus $16.36 per diem interest starting March 22, 2025**. Defendants agree that this total amount is a settlement amount and explicitly agree to such amount. Defendants also agree that the additional $16.36 per diem interest that accrues after March 21, 2025 is a settlement amount and explicitly agree to the per diem amount notwithstanding any payments hereunder.

4. <u>Jurisdiction and Venue</u>. Defendants admit, accept, and voluntarily submit to the jurisdiction of the Court for all purposes, including but not limited to venue and enforcement of this Judgment, and for any other purpose under agreement or law.

5. <u>Forbearance Until Breach and Enforcement Thereafter</u>. The Trustees agree to forbear from enforcing this Amended Judgment or from enforcing the Judgment except in the case of Breach as set forth herein. The Trustees may at any time, however, file this Amended Judgment with local and federal courts for purposes of recording the Amended Judgment.

6. <u>Defendants' Obligations</u>. Defendants agree to pay the Fund $36,612.24 ("Settlement Amount") either (a) immediately in a lump sum or (b) in installments as follows: (i) $2,901.02 by voluntary assignment of both of their pension benefits that are payable from the Fund for the months of October 2025 to June 2026 and October 2026 to December 2026 ("Voluntary Assignment") and (ii) $300 monthly payments due on the first of the months of July

2

10189715.1

to September 2025 and July to September 2026. Defendants agree to complete any documentation required by the Fund for the Voluntary Assignment. If either Defendant fails to complete or revokes the Voluntary Assignment or if either of Defendant's pension benefits are not payable or are in any way impaired for any reason and therefore cannot be assigned in full, the remaining balance of the Settlement Amount less installments paid, shall be immediately due and failure to pay it immediately shall be considered Default hereunder. Defendants also agree to provide any information or documentation to which the Trustees are entitled under Federal Rules of Civil Procedures 26-34 and 69 within fourteen (14) calendar days of request from the Trustees or their counsel to Fund counsel by email at zleeds@cwsny.com.

7. <u>Payment Instructions</u>. Other than if payment is made by Voluntary Assignment, Defendants shall make all settlement payments by wire transfer, to be directed as follows: Bank Name: BNY Mellon; Name on Account: American Federation of Musicians and Employers Pension Fund; Routing: 021000018; Account:6310248752; Swift: IRVTUS3N

8. <u>Representations about Financial Condition and Accuracy of Information</u>. Defendants acknowledge that all representations herein and otherwise provided to the Fund or Fund counsel constitute material terms of this Amended Judgment and Forbearance Agreement and any material misrepresentation shall constitute Breach hereunder.

9. <u>Default</u>. "Default" hereunder shall mean Defendants' failure to satisfy any obligation hereunder, including but not limited to failing make a payment when due or provide information when requested.

10. <u>Notice of Default</u>. The Fund shall provide notice to Defendants of any Default in the manner set forth in Paragraph 24 below.

3

10189715.1

11. <u>Cure of Default</u>. Cure of Default shall mean full cure of Default, including payment of all amounts due through the cure date, including, but not limited to, amounts that became due after the Default. The Trustees are not required to provide any notice in the event a Default is partially cured, including in the event that additional amounts became due hereunder after the Default and are not paid.

12. <u>Breach</u>. "Breach" hereunder means Defendants' failure to cure a Default within seven (7) calendar days from the Fund sending notice of Default, or the Defendants committing Default more than two (2) times.

13. <u>Enforcing Amended Judgment in Case of Breach</u>. In the case of Breach, the Trustees may, in their complete discretion, enforce this Amended Judgment as a final judgment of this Court, reduced by any amounts paid or otherwise collected from Defendants after the date of entry of this Amended Judgment. The Trustees' failure to avail themselves of this remedy at any time shall not limit their right to do so at any other time. The Trustees shall also be entitled to take any other action under any agreement or law and nothing herein shall limit their rights except as expressly stated herein.

14. <u>Other Amounts Due</u>. Defendants acknowledge that the Trustees shall also be entitled to seek in the Court, in the same or a separate action, any additional amounts that they allege are due from Defendants, including but not limited to reasonable attorney's fees and costs.

15. <u>In-Person Depositions</u>. In the case of Breach, upon twenty-one (21) calendar days' notice by letter, both Defendants agree to appear at Fund counsel's office (or other location at the Fund's discretion) for a sworn deposition before a court reporter pursuant to Federal Rules of Civil Procedure 30 and 69, and waive any objection to the location of such depositions.

4

10189715.1

16. <u>Satisfaction of Judgment</u>. Once Defendants have satisfied all obligations hereunder, if they are not then in Breach and do not then have an uncured Default, and upon Defendants' request, the Trustees shall file a satisfaction of judgment with this Court.

17. <u>Confidentiality</u>. The terms of this Agreement shall be deemed confidential and shall not be disclosed to any person who is not a trustee, administrator, fiduciary, director, officer, agent, employee, lawyer, consultant, or accountant of the Fund or an attorney or accountant of Defendants except (1) as required by law or court order; (2) with the prior written consent of both Parties; or (3) after Breach, for any reason.

18. <u>No Third-Party Beneficiaries</u>. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns. This Agreement is intended to confer rights and benefits only upon the Parties and their respective successors and assigns and is not intended to confer any right or benefit upon any other person or entity. No person or entity other than the parties and their respective successors and assigns shall have any legally enforceable right hereunder.

19. <u>Settlement Authority and Personal Liability of McClelland</u>. Each Party represents and warrants that the individual signing this Agreement on behalf of that Party is authorized to execute the Agreement on behalf of that Party and that the Agreement, upon such execution, will be a valid and binding obligation of that Party and enforceable against it. McClelland explicitly acknowledges that pursuant to this Amended Judgment, he is personally assuming Banos' debt to the Fund, plus additional amounts as set out herein.

20. <u>Entire Agreement</u>. This Agreement contains the entire Agreement of the Parties relative to the matters contained herein, and the Parties expressly agree that it supersedes

10189715.1

and controls any and all prior communications, correspondence, memorialization of agreement, or prior agreement of the Parties or their representatives relative to the matters contained herein.

21. **Modification.** This Agreement may be amended only by written agreement by both Parties, and failure to enforce any term of this Agreement shall not be deemed a waiver of any breach of this Agreement or a modification of such provisions.

22. **Severability.** The failure or invalidation of any particular provision or portion of a provision shall not in any way affect the validity of this Agreement, or its remaining portions, which shall continue to have full force and effect unless their enforcement would defeat the purpose of this Agreement.

23. **Compromise.** This Amended Judgment is a compromise and settlement of disputed issues and claims and constitutes an agreement under 29 U.S.C. §1145. It is a product of arms-length negotiations and the drafting of both Parties and both parties have retained lawyers of their own choosing. Ambiguities in this Amended Judgment are not to be construed by operation of law against either Party. This Amended Judgment is non-precedential and may not be introduced as evidence by any party in connection with any subsequent litigation, except to the extent necessary to enforce this Amended Judgment.

24. **Communications.** All notices, demands, or other communications, to be provided hereunder or otherwise, including service of process (which is expressly accepted by these means), shall be in writing and sent by regular mail, postage prepaid (or by any other delivery service of equal or more expeditious means) and email, as indicated, to the following persons and addresses (or such other persons and addresses as either Party may designate in writing from time to time):

<u>To the Fund or Trustees:</u>

Paul Rourke
Director of Finance
American Federation of Musicians and Employers' Pension Fund
14 Penn Plaza, 12th Floor
New York, NY 10122
212-284-1314
prourke@afmepf.org

Copy to Zachary Leeds, Fund Counsel, at zleeds@cwsny.com.

<u>To Defendants:</u>

Karen Banos and Philip McClelland
214 Richmond Street
Philadelphia, Pennsylvania 19125
rittenhousemusic@gmail.com; philip.mcclelland@asc.upenn.edu

It is each parties' responsibility to notify the others immediately if any contact information changes and, in any case, Defendants represent that the above is their primary residence and they must immediately notify the Trustees if they change residences.

25.  <u>Counterparts and Copies</u>.  This Agreement may be executed in any number of counterparts, each of which will be deemed an original but all of which together shall constitute one and the same agreement.  Copied or facsimiled or electronic executed signatures shall be considered as original executed signature pages.

7

10189715.1

_[signature]_         Date 7/28/25
Karen Banos
214 Richmond Street
Philadelphia, Pennsylvania 19125

_[signature]_         Date 7/28/25
Phillip McClelland
214 Richmond Street
Philadelphia, Pennsylvania 19125

ON BEHALF OF THE TRUSTEES OF THE AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND

By: _[signature]_
Maureen Kilkelly, Executive Director

Date 7/30/2025

AMENDED JUDGMENT is hereby ENTERED in favor of Plaintiffs/Judgment-Creditors and against Karen Banos and Philip McClelland in the amount of $101,481.96 plus $16.36 per diem interest starting March 22, 2025.

SO ORDERED.

Dated: 8/4/25     _[signature]_
New York, NY     United States District Judge

_[handwritten note:]_ The Clerk is directed to close this case.

So ordered,
_[signature]_ J.G. Koeltl
8/4/25 — U.S.D.J.

8

10189715.1